Complaint Brought Pursuant to 42 U.S.C. sec 1983 for False Arrest, False Imprisonment, Intentional Infliction of Emotional Distress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Matthew Soler
       Plaintiff        CIVIL ACTION:

v.

City of New York
City of New York Police Department
NYPD Officer Bergos

                  VERIFIED COMPLAINT
                  JURY CLAIM
                  AS TO ALL COUNTS

       Defendants

_____

INTRODUCTION

Matthew Soler of New York, New York, asserts the following claims against the defendants in above-entitled action:

  1. Violation of 42 U.S.C. 1983: False Arrest

  2. Violation of 42 U.S.C. 1983: False Imprisonment

  3. Intentional Infliction of Emotional Distress

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Matthew Soler ["Soler"] is a natural person residing in Bronx, New York, United States of America; and was a resident of Bronx, New York during all relevant times of this action.

5. Defendant New York City is a properly incorporated city in the State of New York.

6. Defendant New York Police Department is an authorized agency of the City of New York.

7. Defendant Bergos is a natural person and upon information and belief a Police Officer with the New York City Police Department.

8. At all times material to this Complaint, Defendants City of New York, New York Police Department and Bergos acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

FACTS

10. On or about 2/3/2014 Plaintiff was standing with a group of three friends outside of a Bodega near 175th Street and Weeks, in the Bronx.

11. Plaintiff believes a fight occurred behind him in line between individuals he was not associated with, nor familiar with.

12. Plaintiff then notes he exited the Bodega and smoked a cigarette with his friends.

13. Plaintiff then notes that the same individuals involved in the altercation in line at the bodega walk past their group and engage in another altercation with another group of men. Again, noting that Plaintiff and his group was wholly uninvolved in either incident.

14. Plaintiff and his group walked away as the incident occurred. They walked several blocks before being approached by three squad cars.

15. Police brought the victim to the scene and asked specifically if Plaintiff was involved in the assault, to whit Plainitff heard victim specifically state that he was not involved with the assault..

16. Plainitff then notes that he was handcuffed and placed under arrest.

17. Plainitff notes he repeatedly at that point attempted to speak to the officers noting he had no scratches on his person, nor anay signs of nay struggle, and the victim had specifically stated he was NOT involved in the incident.

18. Plainitff was charged with Burglary in te Second Degree, and detained with $3,500.00 bail.

19. Plaintiff was held for 4 days prior to being released on bail.

20. The matter was ultimately fully dismissed on 4/29/2014 significantly PRIOR to the 30.30 period on such a charge.

21. Plainitff notes that since this incident Officer Bergos has continued to harass him, and has done so on multiple and numerous occasions subsequent to this incident.

## COUNT 1: VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

22. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

24. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

25. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

26. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Soler for an offense that he did not commit.

27. Acting under color of law, Defendant's engaged in a denial or Solers' rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a violation of Soler's right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment.

28. There was no probable cause for the February 3, 2014 Arrest and incarceration of Soler, and as a result his constitutional rights were violated. No sufficient cause for any warrant was ever presented, the matter was never indicted, nor were the people ever prepared to move forward on the Defendant officers baseless allegations especially given the victims statement that Plaintiff was not involved in the underlying crime.

29. As a result of the Defendant's unlawful and malicious action Soler was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." *Smith v. Wage*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor,* 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

COUNT 2: VIOLATIONS OF 42 U.S.C 1983: FALSE IMPRISONMENT

30. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31. For "Monell" Purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest.

32. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute persons for various offenses while being indifferent to whether or not there was probable cause that that person committed the alleged crime.

33. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice led to the false arrest and false imprisonment of Soler for a crime that he did not commit.

34. As a result of the unlawful and malicious arrest of Soler for which there was no probable cause, Plaintiff was incarcerated without justification or consent, whereby Defendants deprived Soler of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. Defendants intentional and reckless conduct resulted in the arrest and incarceration of Soler.

37 The failure of the defendants to investigate the incident was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by Soler due to the wrongful arrest and incarceration. Furthermore, the action to arrest Plaintiff subsequent to the victims own statement that he was not involved rise to the greatest level of professional misconduct, and the greatest level of violation against Soler's Constitutional Rights.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

Matthew Soler
By his attorneys

_____/s/_____
Carlos Gonzalez, Esq.
Gonzalez Law Associates
75 South Broadway
4th Floor
White Plains, NY 10601
(212) 405-2234

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
Peter Germain

Subscribed and sworn to before me, this ___ day of _____, 2015

_____